UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIA SANCHEZ ROBLES,

    Plaintiff,

v.                                                      Case No: 8:18-cv-1453-T-17JSS

COSTCO WHOLESALE CORPORATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's Motion for Taxation of Costs (Dkt. 117). Defendant seeks costs in the amount of $28,981.27 as the prevailing party following the entry of final judgment in its favor. Upon consideration, it is recommended that Defendant's Motion for Costs be granted in part and denied without prejudice in part.

### BACKGROUND

In August 2017, Plaintiff, Antonia Robles ("Plaintiff"), filed this personal injury action against Defendant Costco Wholesale Corporation ("Defendant") in Florida state court. (Dkt. 1.) Plaintiff sought to recover for damages she sustained after she slipped and fell at a Costco store in Tampa, Florida. (Dkt. 2 ¶¶ 6-7.) Following a five-day jury trial in October 2019, the jury returned a verdict in favor of Defendant. (Dkt. 112.) Judgment was entered accordingly on October 16, 2019. (Dkt. 113.) Defendant now moves for an award of costs as the prevailing party in this case. (Dkt. 117.)

### APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 54(d), a prevailing party is entitled to receive costs other than attorneys' fees as limited by 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d)(1); *Arcadian*

*Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).  There is a strong presumption in favor of awarding costs to the prevailing party.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  Taxable costs are limited to the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services.  28 U.S.C. § 1920.

## ANALYSIS

Following the jury's verdict, judgment was entered in favor of Defendant on October 16, 2019.  (Dkt. 113.)  Therefore, Defendant is the prevailing party in this action for purposes of awarding costs.  *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("'Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of [R]ule 54(d).'" (quoting *United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir. 1978))).

Defendant seeks costs totaling $28,981.27, which comprises $400 in fees of the clerk, $1337.25 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case, $157.95 in fees and disbursements for printing, $26,444.69 in expert witness fees, and $641.38 in fees for copies of materials where the copies were necessarily obtained for use in the case, and $675 in "other costs."  (Dkt. 117-1.)  Plaintiff has not timely responded to Defendant's Motion to Tax Costs, and the Court therefore concludes that Plaintiff has no objection to the Motion.  *See* M.D. Fla. Local R. 3.01(b).

First, Defendant's filing fee of $400 (Dkt. 117-1) is taxable as a fee of the Clerk. 28 U.S.C. § 1920(1); *Pelc v. Nowak*, 596 F. App'x 768, 771 (11th Cir. 2015) ("[T]he filing fee, cost of service of process, and court costs," are all recoverable under § 1920).

Regarding Defendant's printing fees of $157.95, a review of Defendant's itemized list of expenses indicates that the printing fees Defendant requests are photocopying costs rather than printing fees. (Dkt. 117-1 at 3.) Defendant's Bill of Costs also separately lists additional photocopying costs of $641.38. In evaluating copying costs, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *United States E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Here, Defendant has provided no argument why copying costs totaling $799.33 were necessarily incurred for use in the case. The Court therefore recommends that Defendant's Motion should be denied without prejudice to allow Defendant to present argument regarding whether the copies made were necessarily obtained for use in this case.

Defendant further requests $1337.25 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case. While costs for deposition transcripts are taxable, the transcripts must be "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendant provides the invoices for its deposition transcripts (Dkt. 117-1 at 7-9) but has not included any explanation of why these transcripts were necessarily obtained for use in the case. Accordingly, the Court recommends that Defendant's request for deposition transcript costs be denied without prejudice to allow Defendant to present argument regarding whether the deposition transcripts were necessarily obtained for use in this case. *See Watson v. Lake Cty.*, 492 F. App'x 991, 996 (11th Cir. 2012) (explaining that the "district court must decide the factual question of whether the deposition was necessarily obtained for use in a case").

Lastly, Defendant seeks expert witness fees of $26,444.69.  (Dkt. 117-1 at 2.)  However, "it is well settled that expert witness fees cannot be assessed in excess of witness fees provided in § 1821."  *Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983).  The Court declines to award expert witness fees in excess of the statutory per diem authorized under § 1821.  The Court recommends that Defendant's request for expert witness fees be denied without prejudice to allow Defendant to seek the statutory per diem authorized under § 1821.

Accordingly, it is **RECOMMENDED**

1. Defendant's Motion to Tax Costs (Dkt. 117) be **GRANTED** in part and **DENIED** without prejudice in part to the extent stated herein.

2. Defendant be awarded costs in the amount of $400.

**IT IS SO REPORTED** in Tampa, Florida, on November 19, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Elizabeth A. Kovachevich
Counsel of Record