UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIA SANCHEZ ROBLES,

    Plaintiff,

v.                                                     Case No.: 8:18-cv-1453-EAK-JSS

COSTCO WHOLESALE CORP.,

    Defendant.
_____

## ORDER

Currently before the undersigned is the Report and Recommendation ("**R&R**") of United States Magistrate Judge Julie S. Sneed. (Doc. 118). By the R&R, Judge Sneed recommends that Defendant Costco Wholesale Corp.'s ("**Costco**") Motion to Tax Costs, (Doc. 117), be granted in part and denied without prejudice in part, (Doc. 118). Costco objects in part. (Doc. 119). Plaintiff Antonia Sanchez Robles failed to file written objections to the R&R or respond to Costco's objections.

I.

Under the Federal Magistrates Act ("**Act**"), Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. *Id.* § 636(b)(1)(B). "Within fourteen days after being served with a copy [of a

magistrate judge's report and recommendation], any party may serve and file written objections to [the magistrate judge's] proposed findings and recommendations." *Id.* § 636(b)(1). On review, the district judge "shall make a *de novo* determination of those portions of the report . . . to which objection is made." *Id.* When no timely and specific objections are filed, caselaw indicates the district judge should review the magistrate judge's proposed findings and recommendations using a clearly erroneous standard. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993) (Kovachevich, J.). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

II.

By the R&R, Judge Sneed recommends granting Costco's request to recover the $400.00 filing fee Costco paid in removing the action to this Court. (Doc. 118 at 3–4). Judge Sneed recommends denying Costco's remaining requests for:

1. $799.33 in printing and photocopying costs;
2. $1,337.25 in transcript costs; and
3. $26,444.69 in costs for expert witness fees.

*Id.* Regarding Costco's requests for printing, photocopying, and transcript costs, Judge Sneed recommends the denial be without prejudice to Costco's right to present

argument or evidence regarding the necessity of such costs. *Id.* at 3 (citing *United States E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000); *Watson v. Lake Cty.*, 492 F. App'x 991, 996 (11th Cir. 2012)). Regarding Costco's request for expert witness fees, Judge Sneed recommends the denial be without prejudice to Costco's right to seek the statutory per diem fees authorized under 28 U.S.C. § 1821(b). *Id.* at 4 (citing *Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983)).

Costco filed its objections to the R&R on December 3, 2019. (Doc. 119). By the objections, Costco presents argument regarding the necessity of its printing and photocopying costs. Costco contends:

> [P]hotocopies and printing costs in the present case include the use of exhibits that were relied upon by the defense and submitted to the jury. Said exhibits consisted of but were not limited to medical records, medical images and other pertinent documents that were relied upon at trial for the presentation of [Costco's] case, chiefly its defense against the Plaintiff's allegations. Said items were used, presented to the Court and submitted into evidence and therefore, all constitute items necessarily obtained for use in this case. Without question, the absence or nonexistence of said printed and photocopied materials would have substantially impaired the ability for [Costco] to present its case to the jury and therefore this Court should find said costs were necessarily obtained for use in this case.

*Id.* at 3. Upon consideration, the undersigned finds Costco's argument sufficient to establish the printing and photocopying costs were necessarily incurred for use in the case. *See W&O, Inc.*, 213 F.3d at 623. The Costs are therefore recoverable. *See* 28 U.S.C. § 1920(3)–(4). The undersigned will award Costco $799.33 for printing and photocopying costs.

3

Costco likewise presents argument regarding the necessity of its transcript costs. Costco contends:

> [T]he use of the deposition transcripts of the Plaintiff, Dr. Libreros [Plaintiff's treating neurologist] and Dr. Mac[L]aren [Plaintiffs treating orthopedist] were paramount to [Costco's] ability to present its case to the jury and for its defense against the Plaintiff's allegations. Furthermore, the transcripts were heavily relied upon for impeachment purposes to effectively demonstrate [Costco's] position to the jury. Without the deposition transcripts [Costco] would have been significantly disadvantaged and therefore, unable to effectively articulate its position to the jury. The ability to separate the significant impact from [Costco's] favorable jury verdict from a probable result without the utilization of the deposition transcripts would be nearly impossible. The effectiveness of the transcripts both for refreshment of the testifying witnesses' recollection and especially for impeachment purposes was paramount to [Costco's] effectiveness at presenting its case to the jury.

(Doc. 119 at 5). Upon consideration, the undersigned finds Costco's argument sufficient to establish the transcript costs were necessarily incurred for use in the case. *See Watson*, 492 F. App'x at 996. The Costs are therefore recoverable. *See* 28 U.S.C. § 1920(2). The undersigned will award Costco $1,337.25 for transcript costs.

Costco doesn't object to Judge Sneed's recommendation that Costco be awarded the $400.00 filing fee, nor her recommendation that Costco be awarded only the statutory per diem expert witness fees authorized under 28 U.S.C. § 1821(b). (Doc. 119 at 1–2, 6). The undersigned will award Costco $400.00 for the filing fee and $80.00 for expert witness fees.

III.

Accordingly, Judge Sneed's R&R, (Doc. 118), is **AFFIRMED AND ADOPTED IN PART**, and Costco's Motion to Tax Costs, (Doc. 117), is **GRANTED IN PART** and **DENIED IN PART**, to the extent that Costco is awarded costs in the total amount of $2,616.58.

**ORDERED** in Chambers, in Tampa, Florida, this 18th day of December, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record